Case 3:97-cr-00077-RCJ-VPC Document 209 Filed 10/10/17 Page 1 of 6

ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 10 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:97-cr-00077-RCJ-VPC-3 |
| vs. | **ORDER** |
| JUAN OCHOA-GARCIA, | |
| Defendant. | |

Pending before the Court is Petitioner Juan Ochoa-Garcia's ("Defendant") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 208.) For the reasons given herein, the Court denies the motion.

## I. FACTS AND PROCEDURAL HISTORY

On November 13, 1998, Defendant pled guilty to Count 1 of the five-count Superseding Indictment, for conspiracy to possess methamphetamine, cocaine, and marijuana with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1). (ECF No. 116.) His sentence was pronounced on December 15, 1999. (ECF No. 176.) At the sentencing hearing, Judge Hagen found that Defendant's base offense level was 32 and imposed a two-level increase for Defendant's role as a manager or supervisor in criminal activity. *See* U.S. SENTENCING GUIDELINES MANUAL § 3B1.1(c) (U.S. SENTENCING COMM'N 1998). Defendant's criminal history category was also determined to be IV, based on two prior convictions in California state court and the fact that the

instant offense had been committed while Defendant was still under a criminal justice sentence. *See id.* at §4 A1.1. However, because Defendant qualified as a career offender under § 4B1.1 of the Sentencing Guidelines, the Court was required to apply an offense level of 37 (because the statutory maximum sentence for the instant offense was life imprisonment under 21 U.S.C. § 841(b)(1)(A)(viii)) and a criminal history category of VI. Accordingly, the applicable guideline range for imprisonment was 360 months to life. U.S. SENTENCING GUIDELINES MANUAL 310 (U.S. SENTENCING COMM'N 1998). Judge Hagen pronounced a sentence of 360 months' imprisonment followed by five years of supervised release.

Defendant's status as a career offender was based on two prior felony convictions in California, both for the possession of marijuana for sale. Defendant now informs the Court that he has succeeded in having these offenses reclassified as misdemeanors pursuant to California's Proposition 64, also known as the Control, Regulate and Tax Adult Use of Marijuana Act ("AUMA"), an initiative approved by California voters on November 8, 2016. Defendant asserts: "On May 4, 2017 the Deputy District Attorney agreed to redesignate California Case No. SC 3353A and SC 30751A from felony to misdemeanor and on May 16, 2017, the California State Court granted the motion and officially redesignated the marihuana offense as misdemeanor." (Mot. Vacate 2, ECF No. 208.) On this basis, Defendant moves to reopen his federal sentence, arguing that he no longer qualifies as a career offender due to the reclassification of his state-court felony convictions.

## II. LEGAL STANDARDS

### a. Section 2255 Motions Generally

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move

the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted), *cert. denied*, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *See id.* Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *See United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980), *cert. denied*, 451 U.S. 938 (1981).

### b. Motions Based on Subsequent Modifications to Prior State Sentences

In *United States v. LaValle*, 175 F.3d 1106 (9th Cir. 1999), the Ninth Circuit followed the lead of the First, Fourth, Fifth, and Tenth Circuits, and held that "a defendant who successfully attacks a state conviction may seek review of any federal sentence that was enhanced because of the prior state conviction." *Id.* at 1108. In *Lavalle*, the defendant obtained the vacatur of a Massachusetts conviction which had partially formed the basis for a career offender enhancement to his federal sentence. Under the circumstances, the Court of Appeals ordered the district court to reopen the defendant's federal sentence. *Id.* at 1109.

Two years later, the Ninth Circuit further refined its approach to section 2255 petitions based on modified state sentences. *See United States v. Hayden*, 255 F.3d 768 (9th Cir. 2001). In *Hayden*, the court reaffirmed that a federal sentence could be reopened where a defendant had

successfully attacked a state-court conviction that was used to enhance his federal sentence. *Id.* at 770. However, the court also highlighted pertinent provisions of the Sentencing Guidelines:

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. *Sentences resulting from such convictions are to be counted.* However, expunged convictions are not counted.

U.S. Sentencing Guidelines Manual § 4A1.2(j), cmt. n. 10 (emphasis added). Accordingly, it is now settled in the Ninth Circuit that an expunged or dismissed state conviction nonetheless qualifies as a prior conviction under the Sentencing Guidelines if the expungement or dismissal "does not alter the legality of the conviction or does not represent that the defendant was actually innocent of the crime." *United States v. Norbury*, 492 F.3d 1012, 1015 (9th Cir. 2007).

Just last year, the Ninth Circuit was confronted with a case very similar to Defendant's in *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), *cert. denied sub nom. Vasquez v. United States*, 137 S. Ct. 840 (2017). The defendant in *Diaz* was sentenced to life imprisonment based on two prior California felonies which qualified him for a mandatory sentence enhancement under 21 U.S.C. § 841(b)(1)(A). *Id.* at 971. "Four years after [the defendant's] sentencing, California adopted Proposition 47, which allowed California courts to reclassify certain felony convictions as misdemeanor convictions. [The defendant] successfully petitioned a California court to reclassify one of his prior California felonies—on which his federal enhancement was based—as a misdemeanor." *Id.* The defendant argued that "because he successfully petitioned in 2014 to have his 1996 conviction re-designated as a misdemeanor, that conviction no longer counts as a prior felony conviction for purposes of § 841." *Id.* at 972.

The Ninth Circuit rejected this argument. Echoing the principle developed in *Hayden*, the court stated:

> We have never specifically addressed whether a state that permits reclassifying particular felony convictions as misdemeanors requires a federal court to revisit a federal sentence enhancement imposed under § 841. But we have addressed whether dismissing or expunging a predicate state conviction invalidates a federal enhancement under this section. [*See United States v. Norbury*, 492 F.3d 1012, 1013 (9th Cir. 2007).] In *Norbury*, we held that a state's later dismissal or expungement of a predicate state conviction had no bearing on whether § 841's requirements were met. *Id.* at 1015. In other words, despite the fact that the state felony conviction was now expunged, this did not change the historical fact that, for purposes of § 841, the defendant had been convicted of the felony in the past. *Id.* We noted one exception: where the dismissal or expungement alters the legality of the original state conviction—such as where there was a trial error or it appears the defendant was actually innocent of the underlying crime.

*Diaz*, 838 F.3d at 973. The court went on to conclude that, even if California were to give Proposition 47 full retroactive effect for state-law purposes, such action "would not retroactively make [the defendant's] felony conviction a misdemeanor for purposes of *federal* law." *Id.* at 975 (emphasis in original). California's reclassification of the crime simply did not alter the historical fact that the defendant was convicted of two felony drug offenses, and that such convictions had "become final" as required by section 841. *Id.*

### III. ANALYSIS

Were Defendant to argue his motion under *LaValle* and *Hayden* or under *Diaz*, the result would be the same. All of the relevant case law clearly supports the conclusion that a subsequent state-court modification of a prior conviction cannot retroactively change that conviction's effect under the Sentencing Guidelines, unless the modification was due to (1) actual innocence of the defendant, or (2) legal errors in state-court proceedings. *See* U.S. SENTENCING GUIDELINES § 4A1.2 n.10. Here, the reclassification of Defendant's convictions under Proposition 64 did not make him innocent of his crimes, and was not the result of any legal error; it merely downgraded the offenses based on recent changes in the law. *See Diaz*, 838 F.3d at 973 n.3.

Moreover, *Diaz* is remarkably analogous to the instant case, and should guide the Court's determination here. Therefore, as in *Diaz*, regardless of Proposition 64's effect under California

state law, it cannot operate retroactively to make Defendant's felony convictions misdemeanors for purposes of *federal law*, i.e., the federal Sentencing Guidelines. Under § 4B1.1 of the Sentencing Guidelines, Defendant qualified as a career offender because, *inter alia*, he had been convicted of two prior felony controlled substance offenses. California's reclassification of Defendant's crimes, more than twenty years later, simply does not change the historical fact that he was indeed convicted of two felony drug offenses. It is the felony convictions that trigger the application of the career offender provisions; whether the voting public may have changed its view of Defendant's behavior over subsequent generations is irrelevant.

The Court reaches its conclusion after accepting all assertions in Defendant's motion as true. Accordingly, Defendant has failed to state a claim for relief as a matter of law and no hearing is warranted. *See McMullen*, 98 F.3d at 1159.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 208) is DENIED.

IT IS SO ORDERED. *October 10, 2017.*

_____
ROBERT C. JONES
United States District Judge